IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

DEBRA G. PARKER,

        Plaintiff,

v.                  CIVIL ACTION NO. 6:07-cv-00472

MICHAEL J. ASTRUE
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

In this action, plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for Supplemental Security Income ("SSI"). The case is presently pending on plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings [Docket 10] and the Defendant's Brief in Support of Judgment on the Pleadings [Docket 14].

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). On May 5, 2008, the Magistrate Judge submitted proposed findings of fact, recommended that the court affirm the final decision of the Commissioner and dismiss this matter from the court's docket. On May 22, 2008, the plaintiff filed objections to the PF&R.

**Statement of Facts**

Debra Parker filed an application for SSI on August 17, 2004[1], alleging disability as of June 1, 2004, due to mental disability, depression, anxiety and left leg injury. The claim was denied initially and upon reconsideration. On August 19, 2005, Ms. Parker requested a hearing before an Administrative Law Judge ("ALJ") and the hearing was held on June 20, 2006, before the Honorable Theodore Burock. In a decision dated September 22, 2006, the ALJ determined that Ms. Parker was not entitled to benefits. The ALJ found that Ms. Parker had not engaged in substantial activity since the onset date and that she suffered from the severe impairments of depression, anxiety disorder, chronic obstructive pulmonary disease and thyroid condition. The ALJ additionally found that the impairments did not meet or equal the level of severity of a listing in Appendix 1. The ALJ further found that Ms. Parker had a residual functional capacity for light work, reduced by exertional and nonexertional limitations. He additionally concluded she could perform jobs that exist in significant numbers in the national economy.

The Appeals Council subsequently denied Ms. Parkers's request for review. On August 2, 2007, Ms. Parker instituted this action seeking judicial review of the administrative decision pursuant to 42 U. S. C. § 405(g).

**Standard of Review**

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A.§ 405(g) (West Supp. 2007). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

---

[1] Ms. Parker had previously applied for benefits in 1998 and again in 1999. Both claims were denied initially and upon reconsideration and in neither case was a hearing requested. It is unclear from the record what disabilities were claimed in those cases.

U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the Administrative Law Judge (ALJ) if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## Analysis

Ms. Parker makes two objections to the PF&R. She asserts the Magistrate Judge erred in recommending affirmance because the ALJ failed to properly (1) consider the combined effect of her impairments, and (2) weigh the medical evidence from treating and examining medical sources. The court has reviewed *de novo* those portions of the PF&R to which objection is made and **FINDS** that the objections lack merit. Although it appears from the record Ms. Parker may suffer from a number of both mental and physical conditions, there is substantial evidence to support the ALJ's

findings and conclusions.

As the PF&R points out, Ms. Parker mentions a myriad of physical and mental impairments and complaints in her pleadings but offers no real argument as to why they should be considered severe. Within Ms. Parker's objections to the PF&R there is again a variety of alleged impairments mentioned, but with no additional argument as to why they are to be considered severe, with one exception. Ms. Parker specifically takes issue with the finding that she does not have a neck problem. The ALJ specifically analyzes this impairment in his decision and the PF&R supports the ALJ's conclusion. There is substantial evidence to support the ALJ's findings and conclusions inasmuch as there are no objective findings to support Ms. Parker's subjective complaints and an adequate pain analysis was conducted by the ALJ. (AR at 18 -19). Treating physicians found Ms. Parker to only have "a little bit of decreased range of motion" of the neck and normal "range of motion in the lumbosacral spine" and "no evidence of weakness or nerve root compression". (AR at 213). As the ALJ and PF&R both noted, there are no x-ray or MRI reports revealing any objective findings of a cervical or lumbar condition. (AR at 18).

Regarding the combination-of-impairments argument, this court considered the ALJ's finding that Ms. Parker's impairments, both physical and mental, satisfied the step two severity requirement of the sequential evaluation process as demonstrating that the ALJ took into account the combined effect of her impairments. (AR at 18-19). The ALJ also performed a comprehensive residual functional capacity evaluation and concluded that Ms. Parker had the capacity to perform light work. In making this finding, the ALJ considered all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with objective medical evidence. (AR at 19). After finding Ms. Parker did have medically determinable impairments that could reasonably be

expected to produce the alleged symptoms, he concluded her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. (AR at 20). In doing so, the ALJ considered and analyzed activities of daily living, medications and side effects, and Ms. Parker's alleged physical and mental limitations. The finding that Ms. Parker credibly established exertional and nonexertional limitations is additional evidence that her impairments were appropriately considered in combination.

Ms. Parker cites *Alderman v. Chater,* 40 F. Supp.2d 367 (N.D. W.Va. 1998), in support of her first argument, but it is distinguishable. *Alderman* relates to analyzing the combined effect of impairments in the case of mental retardation and autism where claimants must be of subaverage general intelligence and have a physical or mental impairment imposing additional and significant work-related limitations in order to meet the definition. Ms. Walker's additional citation of *Walker v. Bowen*, 889 F2d. 47 (4th Cir. 1989), is unpersuasive as well. In *Walker*, the ALJ failed to consider the cumulative effect of numerous physical impairments of the plaintiff after finding that none of them were severe individually. As discussed above, the ALJ in the instant case adequately considered the combined effect of Ms. Walker's mental and physical impairments by conducting a thorough residual capacity evaluation, and a detailed pain analysis, coupled with a severity finding as to both physical and mental impairments from the lengthy list of those alleged.

Ms. Parker's objection as to the weight given the medical evidence from treating and examining medical sources is repetitive of her argument in her Memorandum in Support of Motion for Judgment on the Pleadings. The court **FINDS** that the ALJ explained in his decision, in accordance with 20 C.F.R. §416.927 (d) (2), the weight afforded the evidence of record from treating and examining sources and concurs with conclusions of the PF&R on this issue. The ALJ

explained his findings as to Ms. Parker's subjective complaints in light of opinions from treating physicians and her lack of credibility based on inconsistent statements and remaining evidence of record. (AR at 22). The ALJ went on to note, as the PF&R emphasizes, evidence from Ms. Parker's treating physician generally indicating that her condition improved with medication, and that eventually she was sleeping well and had no complaints of depression. (AR at 21). A multitude of Ms. Parker's other alleged impairments were discussed in the decision along with the medical evidence of such conditions. (AR 18-23) The ALJ additionally discussed the opinion evidence that was afforded little to no weight based on inconsistencies with well supported objective findings.

Accordingly, the court **ADOPTS** the PF&R, **DENIES** the plaintiff judgment on the pleadings, **GRANTS** the defendant judgment on the pleadings and **AFFIRMS** the final decision of the Commissioner.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.

ENTER: June 11, 2008

Joseph R. Goodwin, Chief Judge

6